```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,     )   CR. NO. 23-00050 HG-04
                              )
           Plaintiff,         )
                              )
      vs.                     )
                              )
ROBIN TAKIGUCHI,              )
                              )
           Defendant.         )
                              )
_____)
```

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 290)**

Defendant is currently incarcerated at Federal Correctional Institution Terminal Island with a predicted release date of October 14, 2026.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). Defendant seeks release due to his health condition and the Bureau of Prison's failure to provide adequate medical care.

Defendant has been diagnosed with a rare form of cancer in his thymus gland. Defendant was ordered to have follow-up assessments to determine if the cancer spread to his lymph nodes more than eight months ago.

The Government represents that on October 17, 2025, Defendant was seen at the Oncology Institute of Hope & Innovation and that it was recommended that he have a repeat PET scan and be referred for numerous other appointments and treatment.

1

The Government represents that on November 21, 2025, laboratory testing as well as cardiothoracic surgery, radiology, oncology, and pulmonology consultations were requested on behalf of Defendant.

On December 5, 2025, Defendant was seen by FCI Terminal Island Health Services and told the consults were pending.

Following the December 5, 2025 appointment, however, it was announced that FCI Terminal Island where Defendant is currently housed is closing.  The Government represents that all of Defendant's medical appointments will need to be rescheduled when he arrives at a new facility to serve the remaining portion of his sentence of incarceration.  The Government represents that it is not known when FCI Terminal Island will officially close or when and to where Defendant will be transferred.

Defendant's MOTION FOR COMPASSIONATE RELEASE (ECF No. 290) is **GRANTED**.

## PROCEDURAL HISTORY

On September 7, 2023, the grand jury returned the Second Superseding Indictment, charging Defendant Takiguchi with three counts:

> **Count 5** for Conspiracy to Obstruct Justice in violation of 18 U.S.C. § 1512(k);
>
> **Count 6** for Obstruction of Justice in violation of 18 U.S.C. § 1512(c)(2); and
>
> **Count 7** for Obstruction of Justice in violation of 18 U.S.C.

§ 1512(c)(2).

(Second Superseding Indictment, ECF No. 68).

On September 8, 2023, Defendant was arrested and detained pending trial. (ECF Nos. 93, 118).

On May 24, 2024, Defendant Takiguchi pleaded guilty, pursuant to a plea agreement, to Count 5 of the Second Superseding Indictment for Conspiracy to Obstruct Justice in violation of 18 U.S.C. § 1512(k) before the Magistrate Judge. (ECF Nos. 173, 174).

On June 25, 2024, the Court accepted Defendant's plea of guilty. (ECF No. 183).

On September 5, 2024, Defendant's sentencing hearing was held. (ECF No. 202). Defendant was sentenced to 46 months imprisonment and three years of supervised release. (Judgment, ECF No. 204).

Counts 6 and 7 of the Second Superseding Indictment were dismissed as to Defendant Takiguichi. (Sentencing Minutes, ECF No. 202).

On September 10, 2025, Defendant, with representation by the Federal Public Defender's Office, filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (compassionate release). (ECF No. 290).

On the same date, the Court issued a briefing schedule. (ECF No. 295).

On September 23, 2025, the Government requested to extend

3

the deadline to respond to Defendant's Motion, which was granted. (ECF No. 297).

On September 30, 2025, the Government filed its Opposition to Defendant's Motion for Compassionate Release.  (ECF No. 298).

On October 3, 2025, Defendant filed his Reply.  (ECF No. 299).

On October 14, 2025, the Court set a hearing on Defendant's Motion.  (ECF No. 300).

On October 28, 2025, the Government filed a Status Update. (ECF No. 301).

On October 29, 2025, the Court continued the hearing on Defendant's Motion given the Government's status update.  (ECF No. 302).

On December 31, 2025, the Government filed a Second Status Update.  (ECF No. 304).

On January 6, 2026, the Court held a hearing on Defendant's Motion for Compassionate Release.  (ECF No. 307).

## STANDARD OF REVIEW

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.  Dillon v. United States, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018.  PL 115-391, December 21, 2018, 132 Stat. 5194.  The First

4

Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request that the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>    (i)  extraordinary and compelling reasons warrant
>         such a reduction;
> ...
>         and that such a reduction is consistent with
>         applicable policy statements issued by the
>         Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT

### A.    Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's

5

request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A); United States v. Keller, 2 F.4th 1278, 1282 (9th Cir. 2021).

The Parties agree that Defendant Takiguchi properly exhausted his administrative remedies before filing his Motion.

**B.    Basis For Defendant's Motion For Compassionate Release**

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons."

The Ninth Circuit Court of Appeals has explained that reduction in a sentence based on extraordinary and compelling reasons pursuant to Section 3582(c)(1)(A) is a "narrow" remedy and the decision to grant such relief is discretionary with the District Court, and relief is not mandatory. United States v. Wright, 46 F.4th 938, 944-45 (9th Cir. 2022).

### 1.    Extraordinary And Compelling Reasons As Set Forth In The United States Sentencing Guidelines

Section 3582(c)(1)(A) itself does not define extraordinary and compelling reasons. Congress stated that the Sentencing Commission shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the

criteria to be applied and a list of specific examples. United States v. Aruda, 993 F.3d 797, 800 (9th Cir. 2021).

Following the passage of the First Step Act, in 2023, the United States Sentencing Commission amended its Policy Statement governing motions for compassionate release in Section 1B1.13(a).

Since the amendments, Aruda is no longer good law to the extent that it held that the policy statements of the United States Sentencing Commission are not binding on motions for compassionate release. United States v. Kaneko, Cr. No. 19-00062 JMS-01, 2024 WL 1018362, *2 (D. Haw. Mar. 8, 2024); United States v. Arcila, 716 F.Supp.3d 1052, 1055 (D. Or. 2024); United States v. Ciarlo, 2024 WL 2782506, *3 (W.D. Wash. May 30, 2024).

A defendant must show extraordinary and compelling reasons to reduce the sentence consistent with the current version of U.S.S.G. § 1B1.13. Kaneko, 2024 WL 1018362, at *2.

Section 1B1.13 sets forth several specific extraordinary and compelling reasons which may form—individually or in combination—the basis to reduce a sentence:

    (1)   certain medical circumstances of the defendant;

    (2)   age of the defendant coupled with health issues;

    (3)   certain family circumstances of the defendant;

    (4)   whether the defendant was a victim of sexual or physical abuse while in custody;

    (5)   other circumstances (or a combination of circumstances) "similar in gravity" to (1)–(4); and

    (6)   defendant received an unusually long sentence.

U.S.S.G. § 1B1.13.

Specifically at issue with Defendant's Motion, Section 1B1.13(b)(1) states that extraordinary and compelling reasons can exist based on medical circumstances of the defendant, as follows:

- (A) The defendant is suffering from a terminal illness (<u>i.e.</u>, a serious and advanced illness with an end-of-his-life trajectory). A specific prognosis of life expectancy (<u>i.e.</u>, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

- (B) The defendant is—

    - (i) suffering from a serious physical or medical condition,

    - (ii) suffering from a serious functional or cognitive impairment, or

    - (iii) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

- (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

- (D) The defendant presents the following circumstances—

    - (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

       (ii)      due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

       (iii)     such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).

### 2. Evaluation Of 3553(a) Factors Not Required If Extraordinary And Compelling Reasons Not Established

The Ninth Circuit Court of Appeals has explained that the District Court may consider both "extraordinary and compelling" reasons and the relevant § 3553(a) factors, but that it may deny compassionate release on either basis. <u>Wright</u>, 46 F.4th at 945.

A District Court need not follow any sort of "sequential step-by-step analysis" in evaluating a motion filed pursuant to 18 U.S.C. § 3582(c)(1)(A). <u>Keller</u>, 2 F.4th at 1284.

### **ANALYSIS**

Defendant Takiguchi seeks a reduction in sentence based on extraordinary and compelling reasons given his medical condition as set forth in United States Sentencing Guideline § 1B1.13(b)(1). Defendant asserts that he is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant

9

is at risk of serious deterioration in health or death.  U.S.S.G. § 1B1.13(b)(1)(C).

Defendant Takiguchi is a 54 year-old man.  Defendant has served approximately 28 months of his 46-month sentence.  Defendant has a projected release date of October 14, 2026.

About a year ago on January 21, 2025, Defendant Takiguchi was transported to the emergency room at Queen's Medical Center after he experienced shortness of breath and chest pain while he was incarcerated at the Federal Detention Center Honolulu.  (Def.'s Motion at p. 3, ECF No. 290).  A CT scan was conducted that showed a large, 3.9 cm x 4.2 cm mass in Defendant's left lung.  (Def.'s Medical Records at p. 11, attached as Ex. B to Def.'s Motion, ECF No. 290-2).

Two months later, on March 19, 2025, a bronchoscopy was conducted and a biopsy revealed that the mass in Defendant's lung was a thymoma, a rare cancer that forms on the thymus gland.  (Id. at pp. 11-12; see Def.'s Motion at p. 3 n.1, ECF No. 290).

On April 1, 2025, Defendant Takiguchi had a follow-up appointment with a thoracic surgeon who found that there was a "possible metastasis to the bilateral hilar lymph nodes."  Def.'s Medical Records at p. 12).  The surgeon concluded that if the cancer had spread to the lymph nodes then chemotherapy and possible surgery were required.  (Id.) The surgeon referred Defendant for a PET/CT scan and a consultation with an oncologist.  (Id.)

10

On April 17, 2025, Defendant had a consultation with Hawaii Cancer Care.  (Id. at pp. 25-28).  The oncologist agreed a PET/CT scan was necessary to assess whether the cancer had spread to the lymph nodes.  (Id.)

On April 23, 2025, a PET/CT scan was conducted at Kuakini Medical Center.  (Id. at pp. 13-15).  The scan confirmed the presence of the thymoma and noted the presence of a 1.7 cm right hilar lymph node that was "difficult to identify."  (Id. at p. 16).

On May 8, 2025, Defendant had a consultation appointment at the Cancer Center of Hawaii.  (Id. at pp. 16-18).  Another bronchoscopy was scheduled for May 27, 2025 to evaluate the possible spread of the cancer.  (Id.)

For nearly eight months, the BOP has failed to provide Defendant with the required medical assessments to determine whether the cancer has spread.

Instead, on July 10, 2025, Defendant was transferred from the Federal Detention Center Honolulu to Federal Correctional Institution Terminal Island in California where he remains housed.

The Government represents that on October 17, 2025, Defendant was seen at the Oncology Institute of Hope & Innovation and recommended to have a repeat PET scan and referred for numerous other appointments and treatment.  (Gov't Status Update dated Oct. 28, 2025, ECF No. 301).

On November 21, 2025, laboratory testing as well as cardiothoracic surgery, radiology, oncology, and pulmonology consultations were requested on behalf of Defendant. (Gov't Status Update dated Dec. 31, 2025, ECF No. 304).

On December 5, 2025, Defendant was seen by FCI Terminal Island Health Services and told the consults were pending. (Id.)

The Government now represents that FCI Terminal Island will close. (Id.) As a result, all appointments or consultations for Defendant "will need to be re-scheduled when he arrives at the facility to which he will be trasferred.") (Id.) The Government is unable to provide any information as to when and where Defendant Takiguchi will be transferred; nor when any medical appointments will be scheduled to evaluate Defendant's cancer.

The Court finds that Defendant has demonstrated extraordinary and compelling reasons for compassionate release pursuant to the First Step Act. Defendant is suffering from a medical condition that requires specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death. U.S.S.G. § 1B1.13(b)(1)(C). Defendant is eligible for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

Given the extraordinary and compelling reasons and the totality of the circumstances, the Court in this case elects to exercise its discretion to grant compassionate release and finds immediate release is appropriate based on consideration of the

12

factors set forth in 18 U.S.C. § 3553(a).  Wright, 46 F.4th at 945.

### CONCLUSION

Defendant's Motion To Reduce Sentence Under The First Step Act (ECF No. 290) is **GRANTED**.

Defendant's Motion for a reduction in sentence to time-served and seeking immediate release is **GRANTED**.

All other aspects of Defendant's sentence remain unchanged.

IT IS SO ORDERED.

Dated: January 7, 2026, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Robin Takiguchi, Crim. No. 23-00050 HG-04; **ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 290)**